CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
ELENA SADOWSKY (Bar No. 302053)
(E-Mail: Elena_Sadowsky@fd.org)
REID ROWE (Bar No. 321498)
(E-Mail: Reid_Rowe@fd.org)
Deputy Federal Public Defenders
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-2854
Facsimile: (213) 894-0081

Attorneys for Defendant
JEFFREY DOVE OLSEN

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JEFFREY DOVE OLSEN,<br><br>Defendant. | Case No. 17-76-JWH<br><br>**DEFENDANT'S SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO DISMISS FOR SPEEDY TRIAL VIOLATION**<br><br>Hearing Date: March 10, 2025<br>Hearing Time: 10:00 a.m. |

Defendant Jeffrey Dove Olsen, through counsel of record Deputy Federal Public Defender Elena Sadowsky, hereby submits this supplemental brief in support of Dr. Olsen's Motion to Dismiss for Speedy Trial Violation (Dkt. 85).

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: February 24, 2025          By   */s/ Elena Sadowsky*
                                        ELENA SADOWSKY
                                        REID ROWE
                                        Deputy Federal Public Defenders
                                        Attorneys for Jeffrey Dove Olsen

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

In 2020, Jeffrey Olsen filed a motion to dismiss due to violations of his speedy-trial rights as guaranteed by the Sixth Amendment and the Speedy Trial Act (STA). *See* ECF 85; *see also* ECF 92 (government's opposition); ECF 95 (Olsen's reply). Judge Carney granted that motion and dismissed this case with prejudice. *See* ECF 98. The Ninth Circuit reversed on STA grounds. *United States v. Olsen*, 21 F.4th 1036 (9th Cir. 2022). It wrote: "Because the basis for the district court's dismissal order was statutory only, we need not separately address Olsen's Sixth Amendment claim." *Id*. at 1045 n.8.

On remand, the parties filed supplemental briefs on the speedy-trial issues. *See* ECF 133 (Olson's supplemental brief); ECF 136 (government's supplemental brief); ECF 139 (Olsen's supplemental reply). Judge Carney again dismissed this case with prejudice. *See* ECF 147. Again, the Ninth Circuit reversed, holding that Judge Carney violated its mandate by revisiting STA issues that it had addressed. *See United States v. Olsen*, 2024 WL 2077785 (9th Cir. May 9, 2024) (unpublished). That decision, like its prior one, did not address Olsen's Sixth Amendment speedy-trial claim.

For the reasons he has previously stated in this court and on appeal, Olsen maintains that the STA was violated in his case and that dismissal with prejudice is the required remedy for that statutory violation. He acknowledges that the Ninth Circuit's mandate precludes further consideration of that issue by this Court, however.

But whether Olsen's Sixth Amendment right to a speedy trial was violated has <u>not</u> been resolved by the Ninth Circuit. On the contrary, as noted above, it expressly declined to reach that issue. *Olsen*, 21 F.4th at 1045 n.8. "What satisfies the Speedy Trial Act may still violate the Sixth Amendment, and vice versa." *Id*. at 1058 n.2 (Bumatay, CJ, concurring in denial of rehearing en banc). Therefore, this Court not only can, but must, address Olsen's constitutional speedy-trial claim. That issue has already been briefed. *See* ECF 133 at pp. 109-16; ECF 136 at pp. 19-28; ECF 139 at

1

pp. 21-33.  For the reasons previously stated by Olsen, the Court should dismiss this case with prejudice due to the violation of his constitutional right to a speedy trial.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED:  February 24, 2025        By   /s/ Elena Sadowsky

ELENA SADOWSKY
REID ROWE
Deputy Federal Public Defenders
Attorneys for Jeffrey Dove Olsen